1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| DARREL R. FISHER,<br><br>              Plaintiff,<br><br>    v.<br><br>DEPUTY CLERK IN FRESNO, et al.,<br><br>              Defendants. | Case No.: 1:25-cv-00216-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Darrel R. Fisher is appearing pro se in this civil rights action.

**I.     INTRODUCTION**

Plaintiff initiated this action by filing an untitled document on February 18, 2025. (Doc. 1.) The document is docketed as a prisoner civil rights complaint "against Deputy Clerk in Fresno, Judge Thurston by Darrel R Fisher." (*Id.*)   On February 26, 2025, the Court issued its Order to Submit Application to Proceed In Forma Pauperis or Pay Filing Fee Within 45 Days. (Doc. 3.) On March 13, 2025, Plaintiff filed an untitled document construed as a response to the Court's order. (Doc. 4.)

Although more than 45 days have passed since the Court's February 26, 2025, order, Plaintiff has not submitted a completed in forma pauperis (IFP) application or paid the required $405 filing fee.

## II.     DISCUSSION

*Background*

On February 18, 2025, Plaintiff filed a two-page typed and signed document, docketed as a civil rights complaint. (Doc. 1 at 1-2.) The undated document begins with the following sentence: "United States Attorney for the Eastern District of California: Re: Incompetency; This is a criminal complaint against the clerk of the District Court in Fresno, California …." (*Id*. at 2.)

Plaintiff alleges a deputy clerk interfered with and refused to file a notice of appeal in June and July 2024. Plaintiff further alleges District Judge Jennifer L. Thurston "made several false entries in the statement enclosed …." (*Id*.) Plaintiff appears to direct the following statement to the United States Attorney: "You now are still on the job as a Biden nominee but your days are numbered, so, you will not be processing this complaint at all …." (*Id*.) Plaintiff states he is neither a prisoner nor a civil detainee despite being confined at a North Carolina prison. (*Id*.) He contends he "complained against a dirty cop in 1999" and has never been formally charged with a federal crime. Plaintiff asserts that "by law," he "as well as thousands of others, are kidnapped victims/hostages." (*Id*.) He contends that Judge Thurston's refusal to recuse herself "is punishable criminally under the criminal contempt of court statute" and further states: "Prosecution here under these terms is contingent on my appeal in the 9th Circuit, whether they judge it as per my Notice of Appeal of June 14, 2024 or not. If that 9th Circuit opinion is in that vein, then this act by J L Thurston never was written and my criminal complaint is moot."[1] (*Id*.) The remainder of the filing includes copies of various documents filed in another action: *Fisher v. Doe*, No. 1:24-cv-00560-JLT-HBK[2] (*id*. at 3-6), another typed yet untitled document concerning the notice of

---

[1] Plaintiff is advised the Court lacks the power to direct the filing of criminal charges. *See, e.g.*, *Upton v. Birotte*, No. 11-CV-1224 JLS (CAB), 2012 WL 10709, at *3 (S.D. Cal. Jan. 3, 2012) (dismissing action for failure to state a claim and noting the district court cannot compel the United States Attorney "to prosecute these judges for the crimes stated in Plaintiff's complaint"); *see also Bettencourt v. Parker*, No. 1:16-cv-00150-DAD-BAM (PC), 2016 WL 4137242, at *2 (E.D. Cal. Aug. 4, 2016) ("to the extent Plaintiff seeks injunctive 'relief' in the form of a criminal investigation or prosecution, it cannot be obtained through this action. The Court cannot compel any local prosecutor to investigate or instigate a criminal prosecution of this matter"); *Badwi v. Hedgpeth*, No. C 08-02221 SBA (PR), 2011 WL 89726, at *1 (N.D. Cal. Jan. 11, 2011) ("the Court cannot compel the State Attorney General's Office to instigate criminal prosecution").

[2] The docket for that action indicates the case was closed on January 13, 2025, when Judge Thurston issued her Order Adopting Findings and Recommendations in Full, Dismissing the Action with Prejudice,

appeal (*id.* at 7-9), and a typed page listing approximately 40 federal statutes and Rule 41(g) of the Federal Rules of Criminal Procedure (*id.* at 10).

Following issuance of the order to submit a completed and signed IFP application, Plaintiff filed a typed untitled document that asserts he "did not mail … any civil complaint," that the entry in this action is "a false entry," violates federal statutes, and "libel[s]" him. (Doc. 4 at 1.) He repeats that he is neither a prisoner nor a civil detainee and claims the undersigned and Chief District Judge Troy L. Nunley are liable to him personally "for libel" and that Judge Nunley has committed "perjury on an oath, negating any and all claims he may claim to the myth of" judicial immunity. (*Id.*) Plaintiff makes additional allegations regarding magistrate judge jurisdiction, cites to several federal statutes, repeats his claims against Judge Thurston, and asserts he has enclosed "a short list of non-suits" that Judge Nunley "commited [sic] criminally." (*Id.* at 2-3.) The remainder of this filing is comprised of the first page of this Court's First Informational Order (*id.* at 4), a blank consent/decline form concerning magistrate judge jurisdiction (*id.* at 5-6), a two-page list of case names and numbers representing Judge Nunley's "serious errors in judgment to be criminal acts" (*id.* at 7-8), a typed document with 27 miscellaneous statements referencing federal statutes and/or federal rules (*id.* at 9), five pages of legal citations and conclusions (*id.* at 10-14), copies of legal documents in an action filed in the United States District Court for the Western District of Missouri, Western Division, in case number 99-00012-01-CR-W-BCW (*id.* at 15-17), two unidentified pages copied from a Matthew Bender & Company, Inc. publication (*id.* at 18-19), a single typed page including reference to Rule 12(b)(2) of the Federal Rules of Civil Procedure, federal statutes, and case law (*id.* at 20), case summaries regarding *United States v. Torres*, 258 F.3d 791 (8th Cir. 2001) and *Morrison v. Lipscomb*, 877 F.2d 463 (6th Cir. 1989) (*id.* at 21-26), and a typed page listing approximately 40 federal statutes and Rule 41(g) of the Federal Rules of Criminal Procedure with handwritten supplemental numerical notations along the left margin (*id.* at 27).

In sum, Plaintiff has neither filed a completed signed IFP application nor paid the $405

---

Denying Plaintiff's Motion to Proceed In Forma Pauperis, and Directing the Clerk of the Case to Close This Case. (Doc. 11.)

3

1   filing fee for this action, in compliance with this Court's order.

2   *Applicable Legal Standards and Analysis*

3   The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,
4   "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
5   be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule
6   or within the inherent power of the Court." Local Rule 110. "District courts have inherent power
7   to control their dockets" and, in exercising that power, may impose sanctions, including dismissal
8   of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).
9   A court may dismiss an action based on a party's failure to prosecute an action, obey a court
10  order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.
11  1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.
12  Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court
13  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
14  prosecute and to comply with local rules).

15  In determining whether to dismiss an action, the Court must consider several factors:
16  (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
17  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
18  cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at
19  1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

20  Here, Plaintiff has failed to comply with the Court's February 26, 2025, order. Plaintiff
21  was ordered to submit an IFP application, or to pay the required $405 filing fee within 45 days.
22  Plaintiff's filing of March 13, 2025, does not comply with the Court's order. The Court cannot
23  effectively manage its docket if Plaintiff ignores the Court's orders. Without the submission of an
24  IFP application or the filing fee, the case cannot proceed. Thus, the Court finds that both the first
25  and second factors—the public's interest in the expeditious resolution of litigation and the Court's
26  need to manage its docket— weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

27  While the risk of prejudice to defendants is a lesser factor here because no defendant has
28  appeared in the action, a presumption of harm or injury arises from the occurrence of

4

1 unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir.
2 1976). Plaintiff's failure to respond to the Court's February 26, 2025, order by submitting an IFP
3 application or, alternatively, by paying the filing fee, is an unreasonable delay in prosecuting this
4 action. The Court finds the third factor, risk of prejudice to defendants, weighs in favor of
5 dismissal. *Carey*, 856 F.2d at 1440.

6      The fourth factor usually weighs against dismissal because public policy favors
7 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
8 "this factor lends little support to a party whose responsibility it is to move a case toward
9 disposition on the merits but whose conduct impedes progress in that direction." *In re*
10 *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
11 (citation omitted). Here, Plaintiff is failing to move this case forward by not complying with the
12 Court's February 26, 2025, order. The Court finds the fourth factor, the public policy favoring
13 disposition on the merits, also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

14      Finally, the Court's warning that failure to obey the court's order will result in dismissal
15 satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*,
16 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Here, the Court's First Informational Order in
17 Prisoner/Civil Detainee Civil Rights Case advised, in relevant part: "the parties must comply with
18 this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the
19 United States District Court, Eastern District of California ("Local Rules"), as modified by this
20 Order. Failure to so comply will be grounds for imposition of sanctions which may include
21 dismissal of the case." (Doc. 2 at 1.) In that same order, Plaintiff was advised that "all Court
22 deadlines are strictly enforced." (*Id.* at 5.) Next, when the Court directed Plaintiff to submit an
23 IFP application or to pay the filing fee on February 26, 2025, Plaintiff was advised that a
24 "**[f]ailure to comply with this order will result in dismissal of this action.**" (Doc. 3 at 1,
25 emphasis in original.) Thus, Plaintiff had adequate warning that dismissal could result from his
26 noncompliance with court orders. Moreover, at this stage of the proceedings, there is little
27 available to the Court that would constitute a satisfactory lesser sanction while protecting the
28 Court from further unnecessary expenditure of its scarce resources. Therefore, the fifth factor—

the availability of less drastic sanctions—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

### III.     ORDER AND RECOMMENDATIONS

Accordingly, the Court **DIRECTS** the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court **RECOMMENDS** this action be dismissed, without prejudice, for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 15, 2025**                    /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

6